| | | |
|---|---|---|
| D&D CAPITAL, INC. | * | IN THE |
| Plaintiff | * | UNITED STATES DISTRICT COURT |
| v. | * | FOR |
| VAPOR GROUP, INC. | * | THE DISTRICT OF MARYLAND |
| Defendant | * | NORTHERN DIVISION |
| | * | CIVIL ACTION NO. 1:17-cv-02758-JFM |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant Vapor Group, Inc. by its attorney, Matheau J. W. Stout, Esq. answers the Plaintiff's Complaint as follows:

1. Defendant admits that this action is instituted pursuant to Section 3(a)(10) of the Securities Act of 1933 ("Section 3(a)(10)") for the issuance of equity securities in exchange for debt.

2. Defendant admits that this Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Defendant admits that venue is proper in the Northern District due to the express language of the Amended and Restated Convertible Promissory Note and Forbearance Agreement entered into by the Plaintiff and Defendant.

4. Defendant admits that it is a publicly traded corporation registered to do business in Maryland at the State Department of Assessments and Taxation and that Defendant has the ability to issue securities under Section 3(a)(10).

5. Defendant admits that the debt described in Exhibits A, B, C, and D of the Complaint are valid Convertible Promissory Notes issued pursuant to exemptions from registration under the Securities Act of 1933, and that such debt is currently owed to Plaintiff.

6. Defendant admits that its wholly owned subsidiary, VGR Media, Inc., assigned the Convertible Promissory Notes referenced in Exhibits A, B, C, and D of the Complaint to Defendant, that Defendant assumed such debt, and that such debt is currently owed to Plaintiff by Defendant.

7. Defendant admits that it affirmed the indebtedness to Plaintiff with the execution of the Amended and Restated Convertible Promissory Note shown in Exhibit E of the Complaint, and that Exhibit E sets Maryland as the Venue for any action related thereto.

8. Defendant admits that Plaintiff has attempted on multiple occasions to convert some of the debt owed under the Convertible Promissory Notes into free trading common stock under both Rule 144 and Section 4(a)(1) of the Securities Act of 1933 and admits that Plaintiff has been unsuccessful in doing so, such that it is impossible for Plaintiff to recoup its losses without relief under Section 3(a)(10).

9. Defendant admits that the parties entered into the Forbearance Agreement shown as Exhibit F of the Complaint, admits that Defendant is in default of such Forbearance Agreement, and admits that Exhibit F sets Maryland as the Venue for any action related thereto.

10. Defendant admits that it failed to make the good faith payment and failed to correct its public securities filings by the deadlines set forth in the Forbearance Agreement.

11. Defendant admits that Plaintiff has been damaged by the inability to convert the debt under the Convertible Promissory Notes into free trading common stock.

12. Defendant admits that its public securities filings detail Defendant's inability to repay Plaintiff in cash, and admits that both parties seeks a settlement pursuant to Section 3(a)(10) whereby Defendant would issue shares of its publicly traded common stock as payment for the debts owed to Plaintiff.

13. Defendant admits that the parties have agreed in principal to a settlement pursuant to Section 3(a)(10), and admits that the parties executed the Settlement Agreement which was shown as Exhibit G of the Complaint.

14. Defendant admits that Section 3(a)(10) requires a hearing be conducted as to the fairness of the terms and conditions of the Settlement Agreement ("Fairness Hearing") and Defendant consents to participate in such Fairness Hearing.

WHEREFORE, Defendant requests this Honorable Court schedule a Fairness Hearing at its discretion and for such other and further relief as is deemed appropriate.

Respectfully submitted,

September 20, 2017

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
400 E. Pratt Street, 8th Floor
Baltimore, Maryland 21202
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 20th of September 2017, to the extent that the following persons were not served electronically via the CM/ECF system, I caused a copy of the forgoing Answer to be sent by first class mail, postage prepaid to Plaintiff's counsel, Duncan S. Keir, Esq. Price & Keir, LLC, 1777 Reisterstown Road, Suite 340, Baltimore, Maryland 21208.

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)